

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 2 3 2014

CLERK, U.S. DISTRICT COURT
By _____
                Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ASHLEY DAWN STOKES,               §
                                  §
            Petitioner,           §
                                  §
VS.                               §   NO. 4:13-CV-1000-A
                                  §
JODY R. UPTON, WARDEN,            §
FMC-CARSWELL                      §
                                  §
            Respondent.           §

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is the petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by

petitioner, Ashley Dawn Stokes, who is presently incarcerated at

Federal Medical Center-Carswell.  Having considered the petition,

the response[1], and applicable legal authorities, the court

concludes that the petition should be denied.

I.

Background and Grounds for the Petition

On January 31, 2012, petitioner was sentenced in the 27th

Judicial District Court in Belton, Texas, to a four-year term of

imprisonment for Debit Card Abuse-Enhanced.  On February 6, 2012,

---

[1] Respondent, Jody R. Upton, Warden, FMC-Carswell, filed a response to the petition on January 27, 2014.  As of the date of the signing of this memorandum opinion and order, petitioner has filed nothing in reply to that response.

while serving her sentence in state custody, petitioner was temporarily transferred to the custody of the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum.   On August 29, 2012, petitioner was sentenced in the United States District Court for the Western District of Texas to a twenty-four month term of imprisonment for Conspiracy to Commit Identity Theft and Possession of Stolen Mail Matter; Aiding and Abetting, to run consecutive to the state sentence. On September 11, 2012, petitioner was returned to the Texas Department of Criminal Justice pursuant to the terms of the federal writ.   Petitioner's detention from February 6, 2012, to September 11, 2012, was credited toward her state sentence.   On July 12, 2013, petitioner completed her state term and was released to federal custody to commence service of her federal sentence.   During her time in federal custody, petitioner has not pursued any administrative remedy concerning credit for her detention while in federal custody pursuant to the writ of habeas corpus ad prosequendum.

In her petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, petitioner seeks credit on her federal sentence for the time spent in the custody of the United States Marshals Service from February 6, 2012, to September 11, 2012.

II.

Analysis

A.    Failure to Exhaust Administrative Remedies

A prisoner seeking habeas relief pursuant to § 2241 must

exhaust all administrative remedies that might provide

appropriate relief.   See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir.

1994); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993).

Further, only after exhausting her administrative remedies may a

prisoner pursue judicial review of computations of her time

credits.   United States v. Dowling, 962 F.2d 390, 393 (5th Cir.

1992).   The Bureau of Prisons has established a three-tiered

Administrative Remedy Program ("the Program") governing formal

review of inmate complaints relating to any aspect of

imprisonment.   28 C.F.R. §§ 542.10 et seq.   A prisoner must

pursue the procedures set forth in the Program prior to seeking

relief in district court.   See Rourke, 11 F.3d at 49.   These

procedures generally require the prisoner first to attempt

informal resolution through a complaint to Bureau of Prisons

staff; if not satisfied with the result, she must file a formal

written complaint to the Warden, then pursue an administrative

appeal to the appropriate Bureau of Prisons Regional Director.

28 C.F.R. §§ 542.10 et seq.   The final appeal is to the Bureau of

Prisons's Office of General Counsel, "within 30 calendar days of

the date that the Regional Director signed the response." Id. at 542.15(a).

Petitioner states in her petition that she has not sought administrative remedies because she is "unaware of what remedies should be taken prior to filing this motion with this court as [she is] without counsel at this time." Pet. at 2. Petitioner may be excused from the exhaustion requirement only by demonstrating either that the administrative remedies are unavailable or inappropriate to the relief sought or that to pursue the administrative remedies would be patently futile. See Fuller, 11 F.3d at 62. Petitioner makes no such contentions, and ignorance of the exhaustion requirement cannot excuse petitioner's failure to exhaust. See Gonzalez v. Crawford, 419 F. App'x 522, 523 (5th Cir. 2011) (citing Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir.1999)). The records provided by respondent confirm that petitioner has sought no administrative remedies in regards to credit for the time spent in the custody of the United States Marshals Service from February 6, 2012, to September 11, 2012. Therefore, the court concludes that petitioner has failed to exhaust her administrative remedies and therefore is not entitled to relief under 28 U.S.C. § 2241.

B.    Failure on the Merits

Even if petitioner's failure to exhaust administrative remedies were excused, the petition would still fail on the merits.   "The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary."  Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980).   Therefore, "[a] writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."  Id.  Accordingly, as a state prisoner who was temporarily "on loan" to federal authorities under a writ of habeas corpus ad prosequendum, petitioner remained under state custody from February 6, 2012, to September 11, 2012, and is not entitled to have such time credited to her federal sentence.  See Howard v. United States, 420 F.2d 478, 480 (5th Cir. 1970); United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985).

Further, petitioner's time in detention from February 6, 2012, to September 11, 2012, has already been credited toward her state sentence.  Under 18 U.S.C. § 3585(b), a defendant is only given credit toward a term of imprisonment for any time spent in official detention prior to the commencement of her federal sentence "that has not been credited against another sentence."

5

18 U.S.C. § 3585(b).  Therefore, petitioner is not entitled to the relief she requests in her petition.

III.

Order

Therefore,

The court ORDERS that the writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Ashley Dawn Stokes, be, and is hereby, denied.

SIGNED February 13, 2014.

JOHN McBRYDE
United States District Judge